# JEREMY GUTMAN

### ATTORNEY AT LAW
### 251 EAST 61ST STREET
### NEW YORK, NEW YORK 10065

(212) 644-5200

FAX: (212) 486-7701

E-MAIL: JEREMYGUTM@AOL.COM

August 29, 2008

**By ECF**

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    United States v. Suarez
              07 Cr. 358 (RJH)

Dear Judge Holwell:

      I am writing on behalf of my client, Elisa Suarez, who is scheduled to appear before this Court for sentencing pursuant to her plea of guilty to one count of theft of property, in violation of 18 U.S.C. 641. We concur in the determination of the Department of Probation that the offense level under the United States Sentencing Guidelines is level 12 and that the criminal history category is I, resulting in a Guidelines sentencing range of 10 to 16 months, one-half of which could be satisfied by home detention or community confinement. *See* Presentence Investigation Report, dated May 21, 2008 ("PSR"), ¶¶ 32, 37, and 71.[1] Additionally, pursuant to her agreement with the

---

[1]Although we do not object to the Guidelines calculation of the PSR or to its description the offense conduct, there are certain statements in the PSR that we believe should be corrected, as discussed in Section C of this letter.

Hon. Richard J. Holwell
August 29, 2008
Page 2

government, Ms. Suarez, jointly with her co-defendants, will forfeit $80,549.00.[2]  For the
reasons discussed below, we urge the Court, consistent with the recommendation of the
Department of Probation (*see* PSR, p. 22), to impose a sentence of probation or time-
served, either as a downward departure or a non-Guidelines sentence, so that Ms. Suarez
will be able to care for her fifteen-year-old daughter.  We also submit that such a sentence
will avoid unwarranted disparities with the sentences imposed on defendants who have
pleaded guilty to similar conduct.

> **A.      The Court Should Grant a Downward Departure Based
> on Extraordinary Family Circumstances; Alternatively,
> the Court Should Impose a Non-Guidelines Sentence
> Based on that Factor.**

As indicated in the PSR, Ms. Suarez is the mother and primary caregiver of her
fifteen-year-old daughter, Yuliana Viera, who currently attends high school near her
parents' home in the Bronx, New York.  Throughout Yuliana's life, she has been under
the care of her mother, and there is no one who can replace her in that role.  Yuliana's
father, co-defendant Victor Viera, faces a term of incarceration in connection with this
case.  Moreover, even if the sentences of Ms. Suarez and her husband were served
sequentially, or Mr. Viera is not sentenced to a term of incarceration, Mr. Viera, who has
an acknowledged drinking problem, could not adequately serve as the sole custodial
parent for this child.  On the contrary, given the unfortunate impact of his alcoholism on
his interpersonal relations, separating Yuliana from her mother and leaving her in the sole
care of Mr. Viera would not only threaten her immediate well-being, but would likely
have lifelong emotional consequences.  Recognizing this to be the case, the Department
of Probation has recommended a downward departure because "although the defendant
lives with her husband, he is also facing a custodial sentence, and given his alcoholism,
we do not believe he would be qualified to care for their daughter alone."  PSR, p. 22.

As the Court of Appeals for the Second Circuit has long recognized, a departure
below the Guidelines range is warranted when a term of imprisonment may "wreak
extraordinary destruction on dependents who rely solely on the defendant for their
upbringing." *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir.1992). *See United
States v. Galante*, 111 F.3d 1029, 1035 (2d Cir.1997) (departure appropriate where
defendant provided substantial support for two children and defendant's wife spoke

---

[2]As indicated at the time of the plea, it is our understanding that the government will
undertake to transfer the forfeited funds to the New York City Housing Authority to satisfy the
defendants' joint restitution obligations.

Hon. Richard J. Holwell
August 29, 2008
Page 3

limited English); *United States v. Alba*, 933 F.2d 117, 1122 (2d Cir.1991) (upholding departure where defendant supported wife, two young children, and his disabled father, who relied on defendant to get out of his wheelchair).   As the Court explained in *United States v. Huerta*, 371 F.3d 88, 95 (2d Cir.2004), "this factor – the absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependents – is a central part of the extraordinary family circumstances inquiry."  Such departures are not made on behalf of the defendant, and do not reflect reduced culpability, but are made on behalf of the defendant's dependents. *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992).

In *United States v. Selioustky*, 409 F.3d 114, 120 (2d Cir.2005), the Second Circuit recognized that, under the post-*Booker* sentencing regime, a district court can impose a Guidelines sentence with a family circumstances departure based on sufficient findings or, alternatively, impose a non-Guidelines sentence based on the same considerations.  In the present case, in view of the absence of another adult capable of caring for Ms. Suarez's minor child, Yuliana, we request that the Court, consistent with the recommendation of the Department of Probation, grant a downward departure pursuant to U.S.S.G. §§ 5H1.6.  Alternatively, we urge the Court to conclude, based on consideration of the factors enumerated in 18 U.S.C. § 3553(a), that a non-Guidelines sentence is warranted.

### B.    A Sentence that Does Not Entail Incarceration Would Also Serve to Avoid an Unwarranted Sentencing Disparity

18 U.S.C. § 3553(a)(6) directs a court, in determining an appropriate sentence, to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." As the Court may be aware, the indictment of Ms. Suarez and her co-defendants coincided with a number of similar indictments in the Southern District of New York based on fraudulently-obtained federal housing benefits from the New York City Housing Authority.  As indicated in the table that follows, for the most part, the defendants in those cases have received sentences of probation or time served, notwithstanding a Guidelines range that would have called for a term of imprisonment:

| *Case* | *Amount* | *Sentence* | *Judge* |
|---|---|---|---|
| United States v. Bowens, 07 Cr. 376 | $34,697.88 | Probation: 3 years with 6 months home confinement. Restitution: $34,697.88 | Hon. Victor Marrero |

Hon. Richard J. Holwell
August 29, 2008
Page 4

| | | | |
|---|---|---|---|
| United States v. Hamilton 07 Cr. 221 | $46, 878.00 | Probation: 2 years with 6 months home confinement. Fine: $2000. Restitution: $46,878.00 | Hon. P. Kevin Castel |
| United States v. Harris, 07 Cr. 292 (Misdemeanor information substituted for felony indictment prior to plea) | $49,434.00 | Probation: 5 years Restitution: $49,434.00. Lump sum payment of $12,000.00 due immediately, balance to be paid monthly based on 10% of gross income. | Magistrate Judge James C. Francis |
| United States v. Leon 07 Cr. 436 | $32,024 | Probation: 3 Years. Restitution of $32,024.00 | Hon. Robert P. Patterson |
| United States v. McGarrity, 07 Cr. 499 | $43,908.19 | Imprisonment: Time Served. Supervised Release: 3 years Fine: $12,000.00. Restitution: $43,908.19 | Hon. Jed S. Rakoff |
| United States v. Matthew, 07 Cr. 451 | $55,222.96 | Probation: 5 years. Restitution: $55,222.96 | Hon. Naomi Reice Buchwald |
| United States v. Narine, 07cr693 | $34,904.12 | Probation: 3 years. Restitution:$34,904.12 to be paid at a rate of $150.00 per month | Hon. Barbara S. Jones |
| United States v. Russell-Otero 07 Cr. 458 | $116,106.00 | Probation: 5 years Restitution: $116,106.00 $200 lump sum to be paid immediately, balance in monthly installments of 10% of gross monthly income | Hon. P. Kevin Castel |

Hon. Richard J. Holwell
August 29, 2008
Page 5

| United States v. Pace 07 Cr. 328 | $41,546.68 | Probation: 2 years Restitution: $ 41,546.68 | Hon. Colleen McMahon |
|---|---|---|---|
| United States v. Rojas, 07 Cr. 297 | $24,127.20 | Probation: 5 years  Restitution: $24127.20 | Hon. Kenneth M. Karas |
| United States v. Stukes 07 Cr. 238 | $22,685 | Probation: 3 years Restitution: $22,685 | Hon. George B. Daniels |
| United States v. Thevenot,  07 Cr. 655 | $23,384 | Probation: 2 years Fine:  $1,000.00 Restitution: $23,384.00 | Hon. Lewis A. Kaplan |
| United States v. Tracy, 07 Cr. 496 | $56,338 | Probation: 5 years Restitution: $56,338 | Hon. Denise L. Cote |
| United States v. Vargas, 07 Cr. 379 | $61,748 | Imprisonment:  2 Months Supervised release for a term of 3 years with a special condition of 6 months of home detention. Fine: $500 Restitution: $61,748.32 to be paid in monthly installments of 10% of gross monthly earned over the period of supervised release | Hon. Laura Taylor Swain |
| United States v. Wright,  07 Cr. 239 | $51,582 | Probation: 3 years with 6 months home confinement, Restitution: $51,582 | Hon. Thomas P. Griesa |

    Although most of the cases referred to above entailed a Guidelines offense level based on a loss amount just below the one applicable in the present case – which adds 8 points for losses over $70,000 – one, *United States v. Russell Otero*, involved a loss amount at the high end of the range that applies in the present case.  More to the point,

Hon. Richard J. Holwell
August 29, 2008
Page 6

leaving aside the artificial distinctions of the loss table (which raise Ms. Suarez's offense level by 2 points because the loss was approximately $10,000 over the range that would have added only 6 points), the cases discussed above do not involve loss amounts that are dramatically different than those in the present case.  Accordingly, we submit that a sentence requiring incarceration would result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." §3553(a)(6).

###   C.      Requested Corrections to the PSR

Although the following portion of the PSR does not substantively affect its calculations or recommendations, we believe it should be corrected in the interest of accuracy:

Paragraph 20 indicates that the defendants were "apprehended" at a restaurant after being "warned" that agents intended to arrest them.  Contrary to the impression that might result from that terminology, Ms. Suarez and her family members/co-defendants, upon learning that federal law enforcement agents had been to their home for the purpose of arresting them while they were en route to work – and wishing to avoid the embarrassment of an arrest at their places of employment – obtained a contact number for the agents and arranged to meet them at a restaurant so that they could voluntarily surrender into the agents' custody.

### Conclusion

For the reasons discussed above, we submit that a sentence that does not entail incarceration will be "sufficient, but not greater than necessary" [18 U.S.C. § 3553(a)] to accomplish the purposes of sentencing in this case.

Respectfully,

/s/
Jeremy Gutman
*Attorney for Defendant*
*Elisa Suarez*